IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ANGELA K. NIELSON, individually and on behalf of THE ESTATE OF BRETT W. NIELSON; RYLEE NIELSON; ERIC NIELSON; and LINDA NIELSON,<br><br>Plaintiffs,<br><br>v.<br><br>HARLEY-DAVIDSON MOTOR COMPANY GROUP, LLC; GOODYEAR DUNLOP TIRES NORTH AMERICA, LTD.; THE GOODYEAR TIRE & RUBBER CO.; SUMITOMO RUBBER USA, LLC; and BELLINGHAM HARLEY-DAVIDSON, INC.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO EXTEND DISCOVERY DEADLINES AND AMENDED SCHEDULING ORDER**<br><br><br>Case No. 4:18-cv-00013-DN-PK<br><br>District Judge David Nuffer<br><br>Magistrate Judge Paul Kohler |

Based on the representations and arguments in the parties' briefing on Plaintiffs' Motion to Extend Expert Disclosure Deadline Until After Specific Fact Discovery Already Planned Has Been Completed ("Motion"),[1] Plaintiffs have established good cause for the extension of the deadlines for fact discovery (limited to Plaintiff Angela Nielson's ongoing medical issues and the taking of depositions of Defendants' corporate representatives) and expert discovery.

---

[1] Motion, docket no. 91, filed July 8, 2019; Defendants Sumitomo Rubber USA, LLC f/k/a Goodyear Dunlop Tires North America, Ltd. and The Goodyear Tire & Rubber Company's Response to Plaintiffs' Motion to Extend Expert Disclosure Deadline, docket no. 92, filed July 19, 2019; Harley-Davidson Motor company Group, LLC's Notice of Joinder to Defendants Sumitomo Rubber USA, LLC f/k/a Goodyear Dunlop Tires North America, Ltd. and The Goodyear Tire & Rubber Company's Response to Plaintiffs' Motion to Extend Expert Disclosure Deadline, docket no. 93, filed July 22, 2019; Reply to Defendants' Responses Regarding Extending Expert Disclosure Deadline Until After Specific Fact Discovery Already Planned Has Been Completed, docket no. 94, filed Aug. 9, 2019.

Additionally, because of the extension of these deadlines, it is necessary that other deadlines in the Scheduling Order[2] be amended. Therefore,

IT IS HEREBY ORDERED that Plaintiffs' Motion[3] is GRANTED. The Scheduling Order[4] is amended as follows:

| | | | DATE |
|---|---|---|---|
| **1.** | | **FACT DISCOVERY** | |
| | a. | Deadline for Fact Discovery (limited to Plaintiff Angela Nielson's ongoing medical issues and the taking of depositions of Defendants' corporate representatives) | *09/11/2019* |
| **2.** | | **RULE 26(a)(2) EXPERT DISCLOSURES & REPORTS** | **DATE** |
| | **Disclosures (subject and identity of experts)** | | |
| | a. | Part(ies) bearing burden of proof: | *09/11/2019* |
| | b. | Counter disclosures: | *10/11/2019* |
| | **Reports** | | |
| | a. | Part(ies) bearing burden of proof: | *09/11/2019* |
| | b. | Counter reports: | *10/11/2019* |
| **3.** | | **OTHER DEADLINES** | **DATE** |
| | a. | Last day for expert discovery: | *12/11/2019* |
| | b. | Deadline for filing dispositive or potentially dispositive motions: | *01/13/2020* |
| | c. | Deadline for filing partial or complete motions to exclude expert testimony: | *01/13/2020* |

---

[2] Docket no. 39, filed Aug. 10, 2018.

[3] Docket no. 91, filed July 8, 2019.

[4] Docket no. 39, filed Aug. 10, 2018.

| **4.** | **TRIAL AND PREPARATION FOR TRIAL** | **TIME** | **DATE** |
|---|---|---|---|
| a. | Rule 26(a)(3) pretrial disclosures[5] | | |
| | Plaintiffs: | | *04/17/2020* |
| | Defendant(s): | | *05/01/2020* |
| b. | Objections to Rule 26(a)(3) disclosures (if different than 14 days provided in Rule) | | |
| c. | Special Attorney Conference[6] on or before: | | *05/15/2020* |
| d. | Settlement Conference[7] on or before: | | *05/15/2020* |
| e. | Final Pretrial Conference: | 9:00 a.m. | *06/01/2020* |
| f. | Trial | **Length** | |
| | Jury Trial | *10 days* | 8:30 a.m. *06/15/2020* |

Signed August 22, 2019.

BY THE COURT

_____
Paul Kohler
United States Magistrate Judge

---

[5] The Parties must disclose and exchange any demonstrative exhibits or animations with the Rule 26(a)(3) disclosures.

[6] The Special Attorneys Conference does not involve the court. During this conference, unless otherwise ordered by the court, counsel will agree, to the extent possible, on voir dire questions, jury instructions, and a pretrial order. They will discuss the presentation of the case, and they should schedule witnesses to avoid gaps and disruptions. The parties should mark exhibits in a way that does not result in duplication of documents. The pretrial order should include any special equipment or courtroom arrangement requirements.

[7] The Settlement Conference does not involve the court unless the court enters a separate order. Counsel must ensure that a person or representative with full settlement authority or otherwise authorized to make decisions regarding settlement is available in person or by telephone during the Settlement Conference.