IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ANGELA K. NIELSON, individually and on behalf of THE ESTATE OF BRETT W. NIELSON; RYLEE NIELSON; ERIC NIELSON; and LINDA NIELSON,<br><br>Plaintiffs,<br><br>v.<br><br>HARLEY-DAVIDSON MOTOR COMPANY GROUP, LLC; GOODYEAR DUNLOP TIRES NORTH AMERICA, LTD.; THE GOODYEAR TIRE & RUBBER CO.; SUMITOMO RUBBER USA, LLC; and BELLINGHAM HARLEY-DAVIDSON, INC.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING MOTIONS FOR SUMMARY JUDGMENT<br>AND<br>ORDER TO SHOW CAUSE RE: PLAINTIFFS' FAILURE TO SERVE DEFENDANT BELLINGHAM HARLEY-DAVIDSON, INC.<br><br>Case No. 4:18-cv-00013-DN-PK<br><br>District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

This action arises from a motorcycle accident allegedly caused by a sudden and catastrophic failure of the motorcycle's rear tire.[1] Plaintiffs initiated this action against Defendants, whom Plaintiffs allege designed, manufactured, and distributed the motorcycle and its rear tire.[2] Plaintiffs assert claims for: (1) negligence and gross negligence; (2) strict products liability; and (3) breach of implied and express warranties.[3] Defendants Sumitomo Rubber USA, LLC f/k/a Goodyear Dunlop Tires North America, Ltd. ("Sumitomo"), The Goodyear Tire & Rubber Co. ("Goodyear"), and Harley-Davidson Motor Company Group, LLC ("Harley") seek

---

[1] Second Amended Complaint ("Amended Complaint") ¶¶ 19-20 at 4, docket no. 57, filed May 2, 2019.

[2] *Id*. ¶¶ 11 at 3, 15 at 4, 25 at 5, 59 at 11-12, 67 at 13, 87 at 17.

[3] *Id*. ¶¶ 24-101 at 5-19.

summary judgment on Plaintiffs' claims (collectively "Defendants' Motions for Summary Judgment").[4]

Procedurally, Plaintiffs' responses[5] to Defendants' Motions for Summary Judgment fail to comply with local rule DUCivR 56-1(c)(3),(4) and FED. R. CIV. P. 56(c)(1) and fail to adequately dispute any of the material facts set forth in Defendants' Motions for Summary Judgment. Substantively, Plaintiffs fail to establish the existence of a genuine issue of material fact for trial. Sumitomo, Goodyear, and Harley are entitled to judgment on Plaintiffs' claims as a matter of law because causation is an essential element for each of Plaintiffs' claims and Plaintiffs cannot present sufficient admissible evidence to establish causation. Therefore, Defendants' Motions for Summary Judgment[6] are GRANTED.

Additionally, because it appears from the record that Plaintiffs have not served Defendant Bellingham Harley-Davidson, Inc. ("Bellingham"), by no later than March 19, 2021, Plaintiffs must file a memorandum showing cause as to why their claims against Bellingham should not be dismissed for failure to timely serve and prosecute.

---

[4] Defendant Sumitomo Rubber USA, LLC f/k/a Goodyear Dunlop Tires North America, Ltd.'s Motion for Summary Judgment and Memorandum of Law ("Sumitomo's Motion"), docket no. 136, filed Oct. 9, 2020; Defendant The Goodyear Tire & Rubber Company's Motion for Summary Judgment and Supporting Memorandum of Law ("Goodyear's Motion"), docket no. 138, filed Oct. 9, 2020; Harley-Davidson Motor Company Group, LLC's Motion for Final Summary Judgment and Supporting Memorandum of Law ("Harley's Motion"), docket no. 139, filed Oct. 9, 2020 (collectively "Defendants' Motions for Summary Judgment").

[5] Response to Harley-Davidson Motor Group, LLC's Second Motion for Final Summary Judgment [Doc. 139] and Supporting Memorandum of Law ("Response to Harley's Motion"), docket no. 159, filed Nov. 6, 2020; Response to Goodyear Tire & Rubber Company's Motion for Summary Judgment [Doc. 138] and Supporting Memorandum of Law ("Response to Goodyear's Motion"), docket no. 161, filed Nov. 6, 2020; Response to Defendant Sumitomo Rubber USA, LLC f/k/a Goodyear Dunlop Tires North America, Ltd.'s Motion for Summary Judgment [Doc. 136] and Supporting Memorandum of Law ("Response to Sumitomo's Motion"), docket no. 164, filed Nov. 6, 2020.

[6] Docket no. 136, filed Oct. 9, 2020; docket no. 138, filed Oct. 9, 2020; docket no. 139, filed Oct. 9, 2020.

## UNDISPUTED MATERIAL FACTS

Defendants' Motions for Summary Judgment each set forth a statement of undisputed material facts containing separately numbered facts supported by citation to evidence.[7] Local rule DUCivR 56-1(c)(3) requires that a response to a statement of undisputed material facts include:

> A restatement of each fact the opposing party contends is genuinely disputed or immaterial, a concise statement explaining why the fact is disputed or immaterial, and a citation with particularity to the evidence upon which the non-moving party relies to refute that fact. [And a]ny factual citations must reference the appropriate party's Appendix of Evidence, rather than either party's factual statements or responses.[8]

Plaintiffs made no effort to comply with these requirements in responding to Defendants' Motions for Summary Judgment.[9] Indeed, Plaintiffs did not expressly respond to any of the undisputed material facts set forth in Defendants' Motions for Summary Judgment.

Plaintiffs' responses, instead, included background sections.[10] The purported purpose of these sections was to provide "additional background facts."[11] Plaintiffs cite to evidence to support these facts.[12] But Plaintiffs do not assert or argue that these facts are material to the disposition of Defendants' Motions for Summary Judgment, or that they are undisputed.

---

[7] Sumitomo's Motion at 5-10; Goodyear's Motion at 6-7; Harley's Motion at 3-4.

[8] DUCivR 56-1(c)(3).

[9] Response to Sumitomo's Motion at 2-7; Response to Goodyear's Motion at 1-3; Response to Harley's Motion at 1-5.

[10] Response to Sumitomo's Motion at 2-6; Response to Goodyear's Motion at 1-2; Response to Harley's Motion at 1-4.

[11] Response to Sumitomo's Motion at 2; Response to Goodyear's Motion at 2; Response to Harley's Motion at 2.

[12] Response to Sumitomo's Motion at 2-6; Response to Goodyear's Motion at 2; Response to Harley's Motion at 2-4.

Plaintiffs' responses also included sections titled "Undisputed Material Facts" wherein Plaintiffs assert numerous separately numbered additional facts.[13] However, ignoring the requirements of local rule DUCivR 56-1(c)(4) and FED. R. CIV. P. 56(c)(1), these facts contain no citations to evidence. And they are not directly responsive to the statements of undisputed material facts in Defendants' Motions for Summary Judgment.

Several options are available when "a party fails to properly support an assertion of fact or fails to properly address another party's assertion of facts as required by Rule 56(c)."[14] Among these options are "[to] consider the fact undisputed for purposes of the motion . . . [and to] grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it."[15]

Because of Plaintiffs' complete failure to comply with DUCivR 56-1(c)(3),(4) and FED. R. CIV. P. 56(c)(1), the undisputed material facts set forth in Defendants' Motions for Summary Judgment[16] are considered undisputed for purposes of the Motions. Also, the additional "Undisputed Material Facts" set forth in Plaintiffs' responses[17] will not be considered for purposes of Defendants' Motions for Summary Judgment.

Regardless, even if considered for purposes of Defendants' Motions for Summary Judgment, none of the background facts or "Undisputed Material Facts" set forth in Plaintiffs'

---

[13] Response to Sumitomo's Motion at 6-7; Response to Goodyear's Motion at 2-3; Response to Harley's Motion at 4-5.

[14] FED. R. CIV. P. 56(e).

[15] *Id*. at 56(e)(2),(3).

[16] Sumitomo's Motion at 5-10; Goodyear's Motion at 6-7; Harley's Motion at 3-4.

[17] Response to Sumitomo's Motion at 6-7; Response to Goodyear's Motion at 2-3; Response to Harley's Motion at 4-5.

responses[18] are sufficient to create a genuine issue of material fact that would preclude entry of summary judgment. As discussed below,[19] Sumitomo, Goodyear, and Harley are entitled to judgment on Plaintiffs' claims as a matter of law because causation is an essential element for each of Plaintiffs' claims and Plaintiffs cannot present sufficient admissible evidence to establish causation.

## DISCUSSION

### Summary judgment standard of review

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[20] A factual dispute is genuine when "there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way"[21] or "if a reasonable jury could return a verdict for the nonmoving party."[22] A fact is material if "it is essential to the proper disposition of [a] claim."[23] And in ruling on a motion for summary judgment, the factual record and all reasonable inferences drawn therefrom are viewed in a light most favorably to the nonmoving party.[24]

The moving party "bears the initial burden of making a prima facie demonstration of the absence of a genuine issue of material fact and entitlement to judgment as a matter of law."[25] The movant "need not negate the nonmovant's claim, but need only point out . . . that there is an

---

[18] Response to Sumitomo's Motion at 2-7; Response to Goodyear's Motion at 1-3; Response to Harley's Motion at 1-5

[19] *Infra* Discussion at 6-8.

[20] FED. R. CIV. P. 56(a).

[21] *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998).

[22] *Universal Money Ctrs., Inc. v. Am. Tel. & Tel. Co.*, 22 F.3d 1527, 1529 (10th Cir. 1994) (internal quotations omitted).

[23] *Adler*, 144 F.3d at 670.

[24] *Id.*

[25] *Id.* at 670-71.

absence of evidence to support the nonmoving party's case."[26] If the moving party carries this initial burden, the nonmoving party "may not rest upon mere allegations or denials of [the] pleading[s], but must set forth *specific facts* showing that there is a *genuine issue* for trial as to those dispositive matters for which it carries the burden of proof."[27] "The mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient to defeat a properly supported motion for summary judgment."[28]

### Plaintiffs cannot present sufficient admissible evidence to establish causation

Plaintiffs assert claims against Sumitomo, Goodyear, and Harley for: (1) negligence and gross negligence; (2) strict products liability; and (3) breach of implied and express warranties.[29] Plaintiffs' claims each arise from alleged failures and defects in the design, testing, manufacture, inspection, warnings, distribution, and sale of the motorcycle's rear tire and wheel rim.[30] Sumitomo, Goodyear, and Harley seek summary judgment on the claims arguing that Plaintiffs cannot establish that the alleged failures and defects caused the motorcycle accident.[31]

Because federal subject matter jurisdiction over Plaintiffs' claims is based on the parties' diversity of citizenship, "the availability of summary judgment [is considered] against the backdrop of the forum state's substantive law."[32]

---

[26] *Universal Money Ctrs., Inc.*, 22 F.3d at 1529 (internal quotations omitted).

[27] *Id.* (internal quotations and citations omitted; emphasis in original).

[28] *Id.* (internal quotations omitted).

[29] Amended Complaint ¶¶ 24-101 at 5-19.

[30] *Id.*

[31] Sumitomo's Motion at 11-13; Goodyear's Motion at 10-11; Harley's Motion at 6-9. Defendants' Motions for Summary Judgment include additional arguments. However, because the causation issue is dispositive, these additional arguments are unnecessary to address.

[32] *Evanston Ins. Co. v. Law Office of Michael Medved, P.C.*, 890 F.3d 1195, 1198 (10th Cir. 2018).

Under Utah law, "[a] plaintiff claiming negligence in [the products liability] context must prove the ordinary elements of negligence, including duty and causation."[33] To succeed on a strict products liability claim, a plaintiff must prove, among other things, "'that the [product's] defective condition was a cause of the plaintiff's injuries.'"[34] And the necessary elements to prove a claim for breach of warranty are essentially the same as those for a strict products liability claim.[35] Thus, causation is an essential element for each of Plaintiffs' claims against Sumitomo, Goodyear, and Harley.

Plaintiffs' responses to Defendants' Motions for Summary Judgment rely solely on the expert testimony of William Woehrle to establish that a genuine issue of fact exists on the issue of causation.[36] Mr. Woehrle opines that defects in the motorcycle's rear tire and wheel rim caused or contributed to the tire's failure, the tire bead unseating, and the resulting accident.[37] However, Mr. Woehrle's defect causation opinions have been excluded from trial because they are unreliable.[38]

The nature of the motorcycle accident involves multiple variables and potential causes and contributing factors.[39] Plaintiffs' theory of causation (*i.e.*, that defects in the tire and wheel

---

[33] *Niemela v. Imperial Mfg., Inc.*, 263 P.3d 1191, 1198 (Utah Ct. App. 2011) (citing *Slisze v. Stanley-Bostitch*, 979 P.2d 317, 320 (Utah 1999); *Barson ex rel. Barson v. E.R. Squibb & Sons, Inc.*, 682 P.2d 832, 835 (Utah 1984)).

[34] *Id.* at 1195 (quoting *Dimick v. OHC Liquidation Trust*, 157 P.3d 347, 349 (Utah Ct. App. 2007); citing *Gudmundson v. Del Ozone*, 232 P.3d 1059, 1072 (Utah 2010)).

[35] *Straub v. Fisher & Paykel Health Care*, 990 P.2d 384, 389 n.1 (Utah 1999) (citing *Ernest W. Hahn, Inc. v. Armco Steel Co.*, 601 P.2d 152, 159 (Utah 1979); *Kirkbride v. Terex USA, LLC*, 798 F.3d 1343, 1354 (10th Cir. 2015)).

[36] Response to Sumitomo's Motion at 6-14; Response to Goodyear's Motion at 2-3, 6. 8; Response to Harley's Motion at 4-14.

[37] Final Report of William Woehrle ("Woehrle Report") ¶¶ 95.5-95.12, 95.18-95.19 at 103, docket no. 136-1, filed Oct. 9, 2020.

[38] Memorandum Decision and Order Granting Motions to Exclude Expert Testimony of William Woehrle, docket no. 189, filed Mar. 10, 2021.

[39] For example, in addition to the asserted defects in the tire and wheel rim, Mr. Woehrle looked into several possible causes of the tire's loss of pressure, including: puncture; impact damage, improper repair; excessive speed; excessive war; overloading; and excessive age. Woehrle Report ¶ 84 at 95-96.

rim caused or contributed to the tire's failure, the tire bead unseating, and the resulting accident)[40] also involves scientific and technical aspects and complexities that are beyond the common understanding of a juror.[41] Lay testimony and circumstantial evidence, alone, will not reasonably support an inference that defects in the motorcycle's rear tire and wheel rim caused or contributed to the accident. Expert testimony is required for Plaintiffs to establish causation and prove their claims against Sumitomo, Goodyear, and Harley.[42] Without such expert testimony establishing causation, the trier of fact would be left to speculation.[43]

Plaintiffs have not and cannot point to sufficient admissible evidence to establish causation in the absence of Mr. Woehrle's defect causation opinions. Therefore, Plaintiffs cannot establish an essential element of their claims. Sumitomo, Goodyear, and Harley are entitled to summary judgment on Plaintiffs' claims as a matter of law.

### Plaintiffs must show cause as to why their claims against Bellingham should not be dismissed for failure to timely serve and prosecute

Under FED. R. CIV. P. 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court . . .on its own after notice to the plaintiff . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." "[P]roof of service must be made to the court."[44]

---

[40] *Id.* ¶¶ 95.5-95.12, 95.18-95.19 at 103.

[41] *Ho v. Michelin N.A., Inc.*, 520 Fed. App'x 658, 667 (10th Cir. 2013) ("[T]he highly technical nature of tire design and tire-failure analysis is well outside the ken of a jury.")

[42] *C.f. Christison v. Biogen Idec, Inc.*, No. 2:11-cv-01140-DN-DBP, 199 F. Supp. 3d 1315, 1340-1342 (D. Utah 2016); *Wells v. Kawasaki Motors Corp.*, No. 2:16-cv-01086-DN, 2019 WL 5802637, *1-2 (D. Utah Nov. 7, 2019); *Boucher v. Zimmer, Inc.*, No. 2:06-cv-00380-DAK, 2010 WL 3815706, *4 (D. Utah Sept. 27, 2010); *Niemela*, 263 P.3d at 1199 (quoting *Fox v. Brigham Young Univ.*, 176 P.3d 446, 452 (Utah Ct. App. 2007)) ("It is only in the most obvious cases that a plaintiff may be excepted from the requirement of using expert testimony to prove causation.").

[43] *Blank v. Garff Enters., Inc.*, --- P.3d ---, 2021 WL 221894, *7 (Utah Ct. App. 2021).

[44] FED. R. CIV. P. 4(l)(1).

Nearly three years have passed since Plaintiffs filed their original Complaint,[45] which named Bellingham as a defendant. And it appears from the record that a summons for Bellingham has not issued and Plaintiffs have not filed proof that Bellingham has been served. Therefore, by no later than March 19, 2021, Plaintiff must file a memorandum showing cause as to why their claims against Bellingham should not be dismissed for failure to timely serve and prosecute.

## ORDER

IT IS HEREBY ORDERED that Defendants' Motions for Summary Judgment[46] are GRANTED. Plaintiffs' claims[47] and this action against Sumitomo, Goodyear, and Harley are DISMISSED with prejudice.

IT IS FURTHER ORDERED that by no later than March 19, 2021, Plaintiffs must file a memorandum, no more than five pages in length, showing cause as to why their claims against Bellingham should not be dismissed for failure to timely serve and prosecute. Failure to file a responsive memorandum by March 19, 2021, will result in the dismissal without prejudice of Plaintiffs' claims and this action against Bellingham.

Signed March 10, 2021.

BY THE COURT

David Nuffer
United States District Judge

---

[45] Complaint, docket no. 2, filed Apr. 11, 2018.

[46] Docket no. 136, filed Oct. 9, 2021; docket no. 138, filed Oct. 9, 2021; docket no. 139, filed Oct. 9, 2021.

[47] Amended Complaint ¶¶ 24-101 at 5-19.